## Case No. 5,265.

### GASSETT et al. v. PALMER et al.

[3 McLean, 105.][1]

Circuit Court, D. Michigan. Oct. Term, 1842.

PLEADING AT LAW—CAPTION OF THE DECLARATION—VENUE—OTHER AVERMENTS.

1. It is sufficient to state the title of the court in the caption of the declaration.

2. The venue if substantially laid is sufficient. And so of other averments in the declaration.

At law.

Joy & Porter, for plaintiffs.
Romeyn & Lee, for defendants.

OPINION OF THE COURT. This is an action of assumpsit on a note. To the first count in the declaration the defendants [Palmer & Clarke] demur, and plead non assumpsit to the other counts.

To the first count it is objected that the caption of the declaration is insufficient, as it does not state in what circuit court of the United States it was filed. The declaration commences, "Circuit Court of the United States, District of Michigan;" and then the names in which the parties contracted is stated and their citizenship alleged, which is followed, (speaking of defendants,) citizens of "the state of Michigan, against whom the declaration is filed." This we think is sufficient. The caption names the court in which the suit was commenced, and the declaration filed.

It is also objected that the venue is not sufficiently stated. The venue is laid "at Boston, in the state of Massachusetts, to wit, at Monroe, in the county of Monroe, and district aforesaid, and within the jurisdiction of this court." This is sufficient. The third objection, "that no time nor place is stated in the first count for the promise of the defendants to pay to the order of Henry Gassett & Co.," is without foundation. The promise is laid at Boston, aforesaid, to wit, at Monroe, within the district aforesaid, and within the jurisdiction of the court, and the note is set out.

It is again objected, there is no allegation that Henry Gassett & Co. are the plaintiffs, or that they constituted the firm at the date of the note. The names of the firm are expressly stated, as constituting the firm to whom the note was given. So that it is unnecessary to say, whether it was essential for the plaintiffs to allege their names be-

1 [Reported by Hon. John McLean, Circuit Justice.]

yond the firm, as stated on the face of the note.

The demurrer is overruled.